IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 2:10-CR-551-DCN |
| vs. ) | |
| ) | |
| JACQUINN W. ARLINE, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on defendant Jacquinn W. Arline's ("Arline") motion to suppress drugs, drug-related evidence, a firearm, magazine, and ammunition. For the reasons set forth below, the court denies defendant's motion.

## I. BACKGROUND

On May 12, 2010, a grand jury indicted defendant Arline for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); possessing with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and possessing a weapon in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On September 22, 2010, defendant filed a motion to suppress 62.7 grams of cocaine, a Fusion digital scale, a Bersa Thunder .380 caliber handgun, and the accompanying magazine and ammunition seized as a result of a March 12, 2010, traffic stop. The government filed its response on October 12, 2010, and the court held a hearing on October 20, 2010. The parties filed additional briefings on November 12, 2010.

On March 12, 2010, North Charleston Police Department Officers Scott Thomes and Jaime Greenwalt stopped defendant for failure to use a turn signal. Defendant pulled into a gas station parking lot, and the officers asked him to step out

1

of his car. The officers asked defendant why he was nervous, and defendant responded that he was driving without a license. Officer Thomes searched defendant and found a Fusion digital scale in his pocket. Officer Thomes then handcuffed him and placed him in the patrol car. When Officer Thomes began to handcuff defendant, Officer Greenwalt asked Officer Thomes for an inventory search form, or "tow sheet," then went to the patrol car to retrieve one. After finding the inventory form, Officer Greenwalt inventoried the contents of the vehicle in preparation for towing the car. In the car defendant had been driving, the officers found 62.7 grams of cocaine, a Bersa Thunder .380 caliber handgun, and the accompanying magazine and ammunition.

Officer Thomes returned to the patrol car after searching the car and asked defendant who owned the car. Arline answered that the car belonged to his manager. Since Arline had agreed to cooperate with the police by this time, Officer Thomes asked whether he would prefer the car to be towed or for the owner of the car to be allowed to pick up the vehicle. Arline responded that he did not want the car towed. At this same time, Officer Greenwalt was attempting to call a tow truck, but Officer Thomes told him not to call. The owner of the car came and picked up the vehicle. Since the car was not towed, Officer Greenwalt destroyed the inventory search forms.

## II.  DISCUSSION

Defendant claims that the Fusion digital scale should be suppressed because the officer's search of defendant violated the Fourth Amendment. Defendant also asserts that the 62.7 grams of cocaine, Bersa Thunder .380 caliber handgun, and accompanying magazine and ammunition should be suppressed because the search of

the car driven by defendant was also unconstitutional. For the following reasons, the court finds that the search of defendant was a constitutionally permissible search incident to arrest, and the search of defendant's car was a valid inventory search.

### A. Search of Defendant

The Fourth Amendment protects individuals against "unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches "are per se unreasonable under the Fourth Amendment," subject to limited exceptions. United States v. Murphy, 552 F.3d 405, 410 (4th Cir. 2009) (citing United States v. Bush, 404 F.3d 263, 275 (4th Cir. 2005)). Search of an arrestee incident to arrest is one such exception. United States v. Robinson, 414 U.S. 218, 237 (1973). Such searches are not premised on probable cause or reasonable suspicion but are justified by the need to ensure officer safety and safeguard evidence. Id.

When petitioner's formal arrest is "followed quickly on the heels of the challenged search of petitioner's person," the search may be a permissible search incident to arrest. Rawlings v. Kentucky, 448 U.S. 98, 111 (1980). A search incident to arrest preceding arrest must "be closely related in time to that arrest," United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991), and the police must have "had probable cause to arrest [defendant] at the time that the search occurred," Rawlings, 448 U.S. at 111. Indicia of a "formal arrest" include the use of handcuffs on the individual, weapons drawn by officers, or restraint of the individual to a specific location. See United States v. Parker, 262 F.3d 415, 419 (4th Cir. 2001). Officer Thomes handcuffed and placed defendant in the police car immediately after conducting the

3

search of defendant.  Thus, the search of defendant was "closely related in time" to his formal arrest.

Prior to the search, the officers had probable cause to arrest defendant for driving without a license because defendant told the officers he did not have a license and failed to produce a license.  Driving without a license is an arrestable offense in South Carolina.  S.C. Code Ann. § 56-1-190; § 56-1-500.  Thus, the search of defendant was a constitutionally permissible search incident to arrest, and the Fusion digital scale found on defendant is not subject to suppression.

**B. Search of Defendant's Car**

Inventory searches are "a well-defined exception to the warrant requirement of the Fourth Amendment." Colorado v. Bertine, 479 U.S. 367, 371 (1987).  "A proper inventory search is merely an incidental administrative step following arrest and preceding incarceration, conducted to protect the arrestee from theft of his possessions, to protect the police from false accusations of theft, and to remove dangerous items from the arrestee prior to his jailing." Murphy, 552 F.3d at 410 (citing United States v. Banks, 482 F.3d 733, 739 (4th Cir. 2007)).  Inventory searches are permissible if:  1) the vehicle is "in the lawful custody of police"; 2) the search was conducted according to standardized criteria; and 3) it was conducted in good faith.  Id. at 412; United States v. Matthews, 591 F.3d 230, 235 (4th Cir. 2009).

**1. Lawful Custody**

An inventory search is permitted on the side of the road subsequent to the occupant's arrest if it is standardized police procedure.  See Murphy, 552 F.3d at 412.  Officer Greenwalt began the inventory search of the vehicle driven by defendant after

Officer Thomes arrested defendant for driving without a license. The vehicle was located in a public area, not property owned by defendant or the car's owner. Therefore, the car was in the "lawful custody" of police when the inventory search began.

### 2. Standardized Criteria

Inventory searches must be conducted according to standardized criteria. Matthews, 591 F.3d at 235. The existence of standardized criteria "'may be proven by reference to either written rules and regulations or testimony regarding standard practices.'" Id. (quoting United States v. Thompson, 29 F.3d 62, 65 (2d Cir. 1994)). The North Charleston Police Department Policy and Procedure Manual ("NCPD Manual") includes standardized criteria for conducting an inventory search of a vehicle. Def. Ex. #1 IV(C)7. The NCPD Manual states that the purpose of the inventory search is "to protect [the] vehicle owner's property, protect police against claims of theft and damage, and protect the police and the public against dangerous instrumentalities." Id.  If the vehicle is taken into custody, items from the vehicle must be "documented on the Towed Vehicle Protective Custody Form," and "non-evidentiary items of significant value found in the vehicle [must] be removed for safekeeping and placed in the department Evidence and Property room" according to the Manual's inventory search criteria. Id.

After defendant was arrested, his car was in the lawful custody of the police. Since the NCPD Manual states that the vehicle "must be" taken into custody, it was standard procedure to tow a vehicle under these circumstances, Officer Greenwalt retrieved an inventory form before he inventoried the car. The officers can be seen on

the video removing evidentiary and non-evidentiary items from the car as required in inventory searches. After completing the inventory search, Officer Greenwalt attempted to contact a truck to tow the car. However, by that time, Arline had told Officer Thomes he would cooperate with the arresting officers, thus Officer Thomes informed Officer Greenwalt that it was unnecessary to tow the car. But for defendant's decision to cooperate with the police, the car would have been towed in accordance with the NCPD Manual.

Once the owner of the vehicle was allowed to retrieve the car, the purpose of maintaining a tow sheet was nullified. Officer Greenwalt testified that it is standard procedure to destroy tow sheets if a vehicle is picked up by its owner. Thus, Officer Greenwalt's destruction of the inventory sheet does not invalidate a search that was valid at the time it was conducted. See United States v. Woolbright, 831 F.2d 1390, 1394 (8th Cir. 1987) (state officer's discovery of narcotics during an inventory search, subsequent transfer of defendant to federal authorities, and resulting destruction of state inventory forms did not invalidate a valid inventory search); United State v. Loaiza-Martin, 832 F.2d 867, 869 (5th Cir. 1987) (per curiam) (failure to complete inventory search forms when DEA took defendant into custody relieving the officers of a need to complete the inventory forms did not invalidate an inventory search); United States v. Trullo, 790 F.2d 205, 206 (1st Cir. 1986) (officer's failure to follow the inventory form procedures for valuables did not invalidate an inventory search).

### 3. Good Faith

At the time the search was conducted, defendant was under arrest, the vehicle was in a public location, and there were no passengers in the vehicle. Both officers testified that they conducted an inventory search because it was the standard practice of the police department. The search was conducted according to written standard procedure, and Officer Greenwalt attempted to call a towing company. Other circuits have found that failure to complete or even begin towing sheets required by standardized criteria does not demonstrate bad faith. See, e.g., United States v. Mundy, 621 F.3d 283, 293-294 (10th Cir. 2010). "[I]t is a long leap from the proposition that following regular procedures is some evidence of lack of pretext to the proposition that failure to follow regular procedures *proves* (or is an operational substitute for) pretext." Whren v. United States, 517 U.S. 806, 816 (1996) (emphasis in original). A change of plans does not turn a "good faith" search into a "bad faith" one. See United States v. Woolbright, 831 F.2d 1390, 1394 (8th Cir. 1987). Officer Thomes discovered that the car did not belong to defendant and decided to release the car to its owner *after* the inventory search had been conducted. There is no indication that Officer Thomes planned to release the car prior to the inventory search. The only reason the car was not towed in accordance with the NCPD Manual was that defendant had agreed to cooperate with the arresting officers. The quid pro quo for defendant's decision to cooperate was to allow the owner of the car to pick it up and not have to pay the towing and storage fees. The facts presented in this case fail to demonstrate a lack of good faith.

### III.  CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion to suppress.

**AND IT IS SO ORDERED**.

```
_____
DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE
```

**January 6, 2010**
**Charleston, South Carolina**